# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

DEBRA ANN KOLKOWSKI,

        Plaintiff,

v.                                         Case No. 8:21-cv-2129-JRK

KILOLO KIJAKAZI,[1] Acting
Commissioner of Social Security,

        Defendant.

_____/

## OPINION AND ORDER[2]

## I.  Status

Debra Ann Kolkowski ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of post-traumatic stress disorder, depression, anxiety, irritable bowel syndrome, an ulcer, a hiatal hernia, gastroesophageal reflux disease, arthritis, degenerative disc disease,

---

[1]    Kilolo Kijakazi is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2]    The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 14), filed November 5, 2021; Reference Order (Doc. No. 16), entered November 5, 2021.

non-alcohol-related fatty liver disease, neuropathy, back pinched nerves, and chronic obstructive pulmonary disease. Transcript of Administrative Proceedings (Doc. No. 15; "Tr." or "administrative transcript"), filed November 5, 2021, at 91-92, 107-08, 126, 147, 321.

On September 18, 2019, Plaintiff protectively filed applications for DIB and SSI. Tr. at 298-301 (DIB), 287-97 (SSI).[3] In both applications, Plaintiff alleged a disability onset date of October 19, 2018. Tr. at 298 (DIB), 287 (SSI). The applications were denied initially, Tr. at 89, 107-22, 175, 177, 178-80, 182-84 (DIB); Tr. at 90, 91-106, 185, 187, 188-91, 192-94 (SSI), and upon reconsideration, Tr. at 123, 125-45, 197, 199, 200-05, 207-12 (DIB); Tr. at 124, 146-70, 213, 215, 216-21, 223-28 (SSI).[4]

On April 29, 2021, an Administrative Law Judge ("ALJ") held a hearing, during which he heard from Plaintiff, who was represented by counsel, and a vocational expert ("VE").[5] See Tr. at 38-60 (hearing transcript); Tr. at 172, 174 (appointment of representative documents). At the time of the hearing, Plaintiff was forty-nine (49) years old. Tr. at 42 (stating Plaintiff's date of birth). On May

---

[3]        The DIB and SSI applications were actually completed on October 8, 2019. Tr. at 298 (DIB), 287 (SSI). The protective filing date for the DIB and SSI applications is listed as September 18, 2019. Tr. at 91, 147 (SSI), 107, 126 (DIB).

[4]        Some of the cited documents are duplicates.

[5]        The hearing was held via telephone with Plaintiff's consent because of extraordinary circumstances presented by the COVID-19 pandemic. Tr. at 40, 246-51, 406-08.

5, 2021, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 10-21.[6]

Thereafter, Plaintiff requested review of the Decision by the Appeals Council. Tr. at 4-5 (Appeals Council exhibit list and order), 283-86 (request for review). On August 12, 2021, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, making the ALJ's Decision the final decision of the Commissioner. On September 7, 2021, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1) seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff argues the ALJ "fail[ed] to comply with Social Security Ruling 16-3p," which addresses how an ALJ should evaluate subjective complaints of pain and other symptoms. Memorandum in Opposition to the Commissioner's Decision (Doc. No. 19; "Pl.'s Mem."), filed January 7, 2022, at 6 (emphasis and capitalization omitted). On March 4, 2022, Defendant filed a Memorandum in Support of the Acting Commissioner's Decision (Doc. No. 20; "Def.'s Mem.") responding to Plaintiff's argument. After a thorough review of the entire record and consideration of the parties' arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

---

[6]    The administrative transcript also contains an ALJ decision dated October 23, 2018 that adjudicated an earlier-filed claim for DIB, Tr. at 67-77, and an Appeals Council order dated August 23, 2019 that denied review, Tr. at 83-85. These matters are not at issue here.

## II.   The ALJ's Decision

When determining whether an individual is disabled,[7] an ALJ must follow the five-step sequential inquiry set forth in the Regulations, determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. See Tr. at 13-21. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since October 19, 2018, the alleged onset date." Tr. at 13 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: degenerative disc disease; irritable bowel syndrome (IBS);

---

[7]       "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

chronic obstructive pulmonary disease (COPD); depression; bipolar disorder; anxiety disorder; and post-traumatic stress disorder (PTSD)." Tr. at 13 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 13 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform light work as defined in 20 [C.F.R. §§] 404.1567(b) and 416.967(b) except she can lift [twenty] pounds occasionally and [ten] pounds frequently; stand/walk [six] hours per day; and sit [six] hours per day. She can never climb ladders, ropes, or scaffolds; occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. She can frequently reach, handle, finger, and feel. She must avoid temperature extremes, pulmonary irritants, vibration, hazardous machinery and heights. She can perform unskilled work with an[] SVP of one or [two] and GED reasoning level of one or [two]. She cannot perform fast-paced production or fast-paced quota work, such as assembly lines. She can have occasional interaction with the public, coworkers, and supervisors. She can maintain attention and concentration for [two] hours, but does require the standard morning, lunch, and afternoon breaks.

Tr. at 15 (emphasis omitted).

At step four, the ALJ relied on the VE's hearing testimony and found that Plaintiff "is unable to perform any past relevant work" as a "Contribution Solicitor." Tr. at 19 (some emphasis and citation omitted). The ALJ then proceeded to the fifth and final step of the sequential inquiry. Tr. at 20-21. After

considering Plaintiff's age ("47 years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, the ALJ relied on the VE's testimony and found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," such as "Marker," "Router," and "Collator operator." Tr. at 20-21 (some emphasis omitted). The ALJ concluded Plaintiff "has not been under a disability . . . from October 19, 2018, through the date of th[e D]ecision." Tr. at 21 (emphasis and citation omitted).

## III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec.,

959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.   Discussion

Plaintiff contends the ALJ erred in evaluating her subjective symptoms and complaints of pain because the ALJ "found that [Plaintiff's] irritable bowel syndrome constituted a severe impairment" at step two, but then failed to account for its symptomology in assessing Plaintiff's subjective complaints and formulating the RFC. Pl.'s Mem. at 7-8. Responding, Defendant argues that "[t]he ALJ properly considered Plaintiff's subjective allegations," including her allegations of the effects of irritable bowel syndrome. Def.'s Mem. at 6, 17-18 (emphasis omitted).

"[T]o establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the

objectively determined medical condition can reasonably be expected to give rise to the claimed pain." Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)). "The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." Holt, 921 F.2d at 1223.

"In evaluating the intensity and persistence of a claimant's symptoms, the ALJ considers the entire record, including the objective medical evidence, the claimant's history, and statements of the claimant and [his or] her doctors." Belser v. Soc. Sec. Admin., Comm'r, No. 20-12121, 2021 WL 6116639, at *6 (11th Cir. Dec. 27, 2021) (unpublished) (citing 20 C.F.R. §§ 404.1529(c)(1)-(2)); see also SSR 16-3p, 2017 WL 5180304 (SSA 2017). The Regulations in effect at the time of the ALJ's Decision provided that an ALJ "will" also consider other factors related to symptoms such as pain, including:

> (i) [The claimant's] daily activities; (ii) The location, duration, frequency, and intensity of [the claimant's] pain or other symptoms; (iii) Precipitating and aggravating factors; (iv) The type, dosage, effectiveness, and side effects of any medication [the claimant] take[s] or ha[s] taken to alleviate [his or her] pain or other symptoms; (v) Treatment, other than medication, [the claimant] receive[s] or ha[s] received for relief of [his or her] pain or other symptoms; (vi) Any measures [the claimant] use[s] or ha[s] used to relieve [his or her] pain or other symptoms . . .; and (vii) Other factors concerning [the claimant's] functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 404.1529(c)(3)(i)-(vii). To reject the claimant's assertions of subjective symptoms, "explicit and adequate reasons" must be articulated by the ALJ. Wilson, 284 F.3d at 1225; see also Dyer, 395 F.3d at 1210; Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992).[8]

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1545(a)(5). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1064 (11th Cir. 2021) (citing Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1268 (11th Cir. 2019)); Swindle v.

---

[8]     In 2017, the SSA issued new guidance to ALJs about how to evaluate subjective complaints of pain and other symptoms. The SSA has "eliminat[ed] the use of the term 'credibility' from [its] sub-regulatory policy, as [the R]egulations do not use this term." SSR 16-3P, 2017 WL 5180304, at *2 (Oct. 25, 2017). "In doing so, [the SSA has] clarif[ied] that subjective symptom evaluation is not an examination of an individual's character." Id. Accordingly, ALJs are "instruct[ed] . . . to consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms." Id. "The change in wording is meant to clarify that [ALJs] aren't in the business of impeaching claimants' character; obviously [ALJs] will continue to assess the credibility of pain assertions by applicants, especially as such assertions often cannot be either credited or rejected on the basis of medical evidence." Cole v. Colvin, 831 F.3d 411, 412 (7th Cir. 2016) (emphasis in original).

<u>Sullivan</u>, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; <u>Reeves v. Heckler</u>, 734 F.2d 519, 525 (11th Cir. 1984)).

Here, the ALJ initially recognized Plaintiff's assertions of how her pain and other impairments affect her. Tr. at 16. In doing so, the ALJ cited Plaintiff's function report. Tr. at 16 (citing Ex. B4E, located at Tr. at 342-49). In that function report, Plaintiff did not allege any affect on her daily life as a result of the irritable bowel syndrome. <u>See</u> Tr. at 342-49. Plaintiff did testify at the hearing that the syndrome causes constipation sometimes and diarrhea sometimes, "about three times a month" lasting "a couple of days." Tr. at 53. Although the ALJ did not refer specifically to this testimony, he did state that he "considered all of [Plaintiff's] subjective complaints, including statements from the administrative hearing." Tr. at 16.

The ALJ then found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in th[e D]ecision." Tr. at 16.

The ALJ next discussed the medical evidence. Tr. at 16-18. In doing so, the ALJ specifically noted that he "considered [Plaintiff's irritable bowel

syndrome]." Tr. at 18. The ALJ summarized the evidence on the matter, including medications taken to relieve the symptoms. Tr. at 18 (citing Ex. B10F, located at Tr. at 641-50); see also Tr. at 501-13.

At the end of the day, the ALJ found that the assigned RFC "is supported by the objective medical evidence contained in the record," and "[t]he persuasiveness of [Plaintiff's] allegations is weakened by a lack of consistency between her allegations and the medical evidence." Tr. at 19. The ALJ recognized that Plaintiff "does experience some limitations, but only to the extent described in the [RFC]." Tr. at 19. Plaintiff does not point to any particular evidence supporting a need to have greater limitations as a result of her irritable bowel syndrome. See Pl.'s Mem. at 7-8. In sum, the ALJ's findings are supported by substantial evidence. See also, e.g., Tr. at 548-49 (October 31, 2016 report of consultative examiner Adam Greenfield, D.O., noting that Plaintiff's "IBS . . . appears to be in control with medications").

## V.   Conclusion

After a thorough review of the entire record, the undersigned finds that the ALJ's Decision is supported by substantial evidence. Based on the foregoing, it is

**ORDERED**:

1.     The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), as well as § 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

2.     The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on September 28, 2022.

James R. Klindt
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies:
Counsel of Record